UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JOHN B. RIGGINS, JR.,

              Plaintiff,              Case No. 1:16-cv-622

v.                                         Honorable Paul L. Maloney

THOMAS DENEVE et al.,

              Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff currently is incarcerated in the Cooper Street Correctional Facility, but the events giving rise to his complaint occurred while he was housed at the Pugsley Correctional Facility. In his *pro se* amended complaint (ECF No. 7), Plaintiff sues the following employees of the Pugsley Facility: Resident Unit Manager (RUM) Thomas Deneve, Warden Shirley Harry, Assistant Deputy Warden Kevin Smiley and Inspector Shaun Meyers. Plaintiff also sues Kenneth MacEachern, Manager of the Michigan Department of Corrections (MDOC) Office of Legal Affairs and Sean Lockhart, Grievance Specialist at the Office of Legal Affairs.

Plaintiff alleges that on the morning of June 12, 2013, he was taking a shower when Defendant Deneve opened the shower curtain. According to the complaint, Deneve, "reached for and made a comment on my penis." (Am. Compl., ECF No. 7, Page.ID63.) Plaintiff filed a Step I grievance regarding the incident stating in part:

> RUM Deneve came to me while I was taking a shower and he stated to me that he needed to look at the shower walls. I told the RUM that I'll get out and get dressed. He replied hurry up or he was coming in. He the RUM pulled the shower curtain back and [sic] to pulled them back I was naked. The RUM Deneve stepped into the shower while I was in the shower. He was looking direct[ly] at my penis and I covered my penis with my hands. He kept looking at my penis. He stated ["]why you're covering that small thing.["] I told him I was going to report his sexual actions and behavior.

(Step I Grievance, ECF No. 1-1, PageID.12.) Plaintiff also provided statements from three other prisoners that Defendant Deneve opened the curtain while Plaintiff was taking a shower. (Prisoner Statements, ECF No. 1-1, PageID.20-22.) Plaintiff appealed his grievance to Steps II and III. He claims that he never received responses to his Step I grievance or Step II and III appeals, but provides a copy of the Step III grievance response, which was signed by Defendant Lockhart on December 18, 2013, and states:

> Your Step III grievance, including any materials included with your appeal from Step II, has been fully reviewd and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parole Grievances". The response you received at Steps I & II reflect that your issue was in fact considered and appropriately investigated. As there is no additional information or basis found for relief at Step III, the Step II decision is upheld at Step III.

(Step III Grievance Response, ECF No. 1-1, PageID.17.) Plaintiff also sent a letter of complaint and supporting documents to the Michigan State Police, which forwarded the materials to the MDOC Department of Internal Affairs for investigation. In a letter dated January 14, 2014, Defendant MacEachern stated that Plaintiff's complaint had been fully investigated and found to lack sufficient information or evidence to support Plaintiff's allegations. (MacEachern Letter, ECF No. 1-1, PageID.34.)

Plaintiff alleges that Defendants Harry, Smiley and Meyers, the three highest ranking prison officials at Pugsley, failed to conduct an investigation of the incident or respond to his grievances. He claims that Defendant Lockhart denied his Step III grievance appeal without conducting an investigation and failed to recognize that Plaintiff never received a Step II grievance response. Likewise, Plaintiff contends that despite the representations in his letter that Plaintiff's complaint was fully investigated, Defendant McEachern never interviewed Plaintiff or the witnesses to the alleged incident. Plaintiff also alleges that Defendants Harry, Smiley, Meyers, Lockhart and MacEachern conspired to cover up Deneve's sexual misconduct. He further claims that Defendants failed to follow MDOC policy, which requires that allegations of staff sexual harassment or misconduct be entered into the Allegations Investigation Personnel Action System (AIPAS).

Plaintiff contends that Defendants violated his due process rights when they failed to properly investigate his complaint against Defendant Deneve. He also claims that Defendants subjected

him to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff alleges that the incident has caused him to suffer from vomiting, diarhea, depression, post-traumatic stress disorder and insomnia. Plaintiff seeks monetary damages of ten million dollars, as well as injunctive relief.

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### I. **Defendant Deneve**

Plaintiff's claim that RUM Deneve looked at and commented on Plaintiff's penis potentially implicates the Eighth Amendment guarantee against cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

Federal circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n.11 (10th Cir. 1998) (allegations that county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) (magistrate judge correctly held that verbal

abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

If true, RUM Deneve's conduct toward Plaintiff was unprofessional, but does not rise to the level of an Eighth Amendment violation. Plaintiff alleges one incident where Deneve allegedly looked at and commented on the size of Plaintiff's penis. While Plaintiff alleges in the complaint, that Deneve "*reached for* and made a comment on [his] penis" (ECF No. 1, PageID.4) (emphasis added), Plaintiff does not allege that Deneve ever touched his penis or had form of physical contact with him.[1] As set forth above, acts of verbal sexual harassment, standing alone, are insufficient to state a claim under the Eighth Amendment. *See Morales*, 278 F.3d at 132; *Zander*, 1998 WL 384625, at *2. Some courts, including the Sixth Circuit, have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012) (two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery,* 158 F. App'x 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137

---

[1] In his Step I grievance, Plaintiff alleged only that Deneve looked at and commented on his penis. Plaintiff made the same allegations in a felony criminal complaint filed by Plaintiff in Grand Traverse County. (Felony Complaint, ECF No. 1-1, PageID.10.) Plaintiff never alleged that Deneve had any form of physical contact with him.

F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts). Therefore, Plaintiff's allegation fail to state an Eighth Amendment claim against Defendant Deneve.

II.     **Defendants Harry, Smiley, Meyers and Lockhart and MacEachern**

Plaintiff claims that Defendants Harry, Smiley, Meyers, Lockhart and MacEachern violated his due process rights when they failed to conduct an investigation of the alleged sexual misconduct and respond to his grievance and grievance appeals. He further contends that these Defendants conspired to cover up RUM Deneve's sexual misconduct.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See*

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Harry, Smiley, Meyers and Lockhart engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff also fails to make allegations supporting a civil conspiracy on the part of Defendants. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy are wholly conclusory. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. Instead, Plaintiff relies upon Defendants' supervisory positions and failure to investigate or respond to his grievances. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550

U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. Accordingly, Plaintiff fails to show that Defendants conspired to cover-up Deneve's alleged misconduct.

To the extent Plaintiff claims that Defendants violated MDOC policy by failing to enter his allegation of sexual misconduct against RUM Deneve into the Allegations Investigation Personnel Action System (AIPAS), he also fails to state a claim. Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Consequently, Defendant's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Consequently, Plaintiff fails to state a federal claim against Defendants Harry, Smiley, Meyers and Lockhart and MacEachern.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   July 20, 2016                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge